# SCHROT v. SCHOENFELD.

---

APPEAL AND ERROR; APPEALABLE ORDERS; APPEAL BONDS.

An appeal to this court from an order of the lower court sustaining a motion to dismiss and dismissing an appeal from a justice of the peace for insufficiency in the bond on appeal from the latter court, perfected by the filing of the bond on appeal to this court within twenty days from the date of the order appealed from, is perfected in time and will not be dismissed by this court where the order of dismissal appealed from to this court, although apparently unconditional, contains a recital of leave to file a motion to amend and cure the defect on account of which the dismissal had been ordered, such refusal being equivalent to a suspension of the order until that motion might be acted upon. (Following *Walter* v. *Baltimore & O. R. Co.* 6 App. D. C. 20; *St. Clair* v. *Conlon*, 12 App. D. C. 161.)

No. 1372.   Submitted March 1, 1904.   Decided March 8, 1904.

HEARING on a motion to dismiss an appeal.          *Denied.*

*Mr. E. Hilton Jackson* for the motion.

Mr. *S. Herbert Giesy* and Mr. *Frank D. Blackistone* opposed.

Mr. Justice SHEPARD delivered the opinion of the Court:

The motion to dismiss this appeal must be overruled:

1. The appeal bond was filed in time. The action was begun in a court of a justice of the peace and from judgment therein the defendant appealed to the supreme court of the district. A motion to dismiss the appeal for insufficiency in the bond given therefor was filed in said court on March 6, and sustained on May 4, 1903. In the order sustaining this motion leave was given the appellants to file a written motion for leave to amend the said bond. This motion was filed on the same day but was not acted upon until June 23, 1903, when it was denied. Appellant filed his bond for appeal to this court within twenty days from that date, excluding Sundays and holidays. Whilst the order of dismissal was apparently unconditional, we are of the opinion that its recital of leave to file a motion to amend and cure the defect, on account of which the dismissal had been ordered, was equivalent to its suspension until that motion might be acted upon. Had the motion been granted instead of denied the order of dismissal would necessarily have been vacated. The effect is substantially the same as if a formal motion to vacate had accompanied the motion for leave to amend. *St. Clair* v. *Conlon,* 12 App. D. C. 161, 163. The appeal noted in the order overruling the motion, which recited the former order of dismissal and adjudged costs against the appellant, must be regarded as an appeal from that order. *Waller* v. *Baltimore & O. R. Co.* 6 App. D. C. 20, 28.

2. Having held that the appeal has been properly prosecuted from the order dismissing the cause, it is unnecessary to consider the second ground of the motion to dismiss, which is that an appeal will not lie from an order refusing leave to amend.

The question whether error assigned on that order will be entertained also, does not properly arise on the motion to dismiss, and will not now be determined.

The motion is *overruled with costs.*